GEORGE A. WILSON vs. RED WING SCHOOL DISTRICT.

April 6, 1876.

**Occupying Claimants' Act not Retrospective.**—The act of March 10, 1873, entitled "An act to protect *bona fide* occupants of real estate," was not intended to apply to cases of improvements upon land made before its passage.

Ejectment for a lot of land in the city of Red Wing. Defence, a denial of plaintiff's title, an averment of title in defendant, and an allegation that defendant had peacably taken possession of and held the land under certain official deeds, under color of title in fee, and in good faith, and had made improvements thereon of the value stated in the answer, and had paid taxes, etc. Reply, putting in issue the new matter in the answer.

At the trial in the district court for Goodhue county, before *Crosby*, J., it appeared that plaintiff was the owner in fee of the land, but that defendant had entered and taken possession under certain tax deeds—regular on their face, though in fact void—and had made improvements thereon in good faith, etc. ; that such improvements were made in 1866 ; that the value of the land without the improvements was $150.00 ; the value of the improvements, $450.00 ; the value of the land with the improvements, $600.00 ; and the value of the rent of the land without the improvements, $4.00 per annum. Upon these facts the court found that plaintiff was entitled to possession on complying with the provisions of the act of March 10, 1873, entitled "An act to protect *bona fide* occupants of real estate"—that is, upon paying to defendant, within one year, $428.00, being the value of the improvements less the rental value of the land without the improvements for the time of defendant's occupancy of it after plaintiff acquired title. A new trial was refused, and plaintiff appealed.

*Morris Lamprey*, for appellant.

*E. T. Wilder* and *W. C. Williston,* for respondent.

GILFILLAN, C. J. The improvements made by the defendant in this case having been made prior to the passage of the act of March 10, 1873, the question is, did the legislature intend, and was it competent for it, to apply the provisions of that act retrospectively?

Section 1 of the act provides that "where any person, under color of title in fee, and in good faith, has peaceably taken possession of any land for which he has given a valuable consideration, or when any person has taken possession of any land under the official deed of any person or officer empowered by law, or by any court of competent jurisdiction, to sell land, and such person has no actual notice of any defects invalidating such deed, and such deed is regular upon its face, neither such person nor his heirs, representatives or assigns shall be ejected from such land, except as hereinafter provided, until compensation is tendered him or them for all improvements which he or they may have made upon said land previous to actual notice of the claim upon which the action is founded; or, in case of possession under an official deed, previous to actual notice of defects invalidating the same." Laws 1873, ch. 55.

It is argued that the words "has peaceably taken possession," etc., must be held to refer to the time of the passage of the act, and so necessarily relate to those transactions; but we think they refer to the time of making the improvements, and mean where any person, at the time of making the improvements, has peaceably taken possession, etc., and there is nothing in the act which requires us to hold that it was intended to apply its provisions to improvements made before it passed. Those mentioned are such as the occupant "may have made previous to actual notice of the claim upon which the action is founded; or, in case of possession under an official deed, previous to actual notice of defects invalidating the same." No reference is made to improvements made before the passage of the act, nor to

those to be made after it, except as the clause quoted shall be construed. It is, perhaps, capable of being held to apply to both classes of cases, were it not for the rule of construction as to the retrospect of laws. This rule is well stated in *Murray* v. *Gibson*, 15 How. 421 : "As a general rule for the interpretation of statutes it may be laid down that they never should be allowed a retroactive operation where this is not required by express command or by necessary and unavoidable implication. Without such command or implication they speak and operate upon the future only." It is especially applicable to laws affecting rights and liabilities. The court, in *Johnson* v. *Burrell*, 2 Hill, 238, says: "It is a general rule that a statute affecting rights and liabilities should not be so construed as to act upon those already existing. To give it that effect the statute should in terms declare an intention so to act." The statute before us does not in terms declare an intention to operate on past transactions, and there is no necessary and unavoidable implication that it was so intended. It is capable of full operation by referring it to the future only.

Aside from this rule of construction there is a consideration which, in the absence of express terms or necessary implication showing the contrary, would impel us to hold that the legislature did not intend to apply the act to a case of improvements made before its passage. When laws of this class are enacted with reference to future cases they are not only useful and salutary, but strictly constitutional. We could not rest their validity, however, upon the ground suggested by some courts, that there is a " natural equity " in favor of one who, under the belief that he has title, takes possession of and improves the land of another, and that such supposed natural equity may be changed by the legislature into a legal right.

The legislature may make it the duty of the owner of the land to give notice of his title to one so taking possession, and impose upon the neglect of that duty the obliga-

tion to pay the value of the improvements, or part with his land for its value without such improvements ; but the obligations of the owner, and the rights of the party improving, must be measured by the rules of law existing at the time the improvements are made. Any subsequent law, which should purport to deprive one of the rights thus accruing, or to impose upon the other, by reason of such past improvements, new conditions upon which his right to his property shall depend, would be an infringement of the clause in § 7, art. 1, of the constitution, which provides that "no person shall be deprived of life, liberty or property without due process of law." This court, in *Baker* v. *Kelley*, 11 Minn. 480, discussing this clause, said : "The true interpretation of these constitutional phrases is that, when rights are acquired by the citizen under existing laws, there is no power in any branch of the government to take them away ; but when they are held contrary to the existing law, or are forfeited by its violation, then they may be taken from him, not by an act of the legislature, but in a due administration of the law itself before the judicial tribunals of the state. The cause or occasion for depriving a citizen of his supposed rights must be found in the law as it is, or at least it cannot be created by a legislative act which aims at their destruction."

Prior to the passage of the act of March 10, 1873, one who, without the consent of the owner, entered upon and improved the land of another, did not thereby acquire any right to hold the land as against the owner, and no obligation of the owner to pay for the improvements was thereby created as a condition of his right to possess and enjoy his property. If that act gives to one, who had before its passage so improved the land of another, the right to hold and enjoy such land unless the owner shall pay for the unauthorized improvements, and excludes the owner from the enjoyment of his property unless he shall pay for such improvements, it deprives the latter of his property, by mere

legislative enactment, as effectually as though it took the land or the money from him. The language of an act must be very clear before we can attribute such an intention to the legislature. We are, therefore, of opinion that the act is not applicable to this case.

The order appealed from is reversed, and the finding and decision of the court below is modified by vacating that portion of it only which requires plaintiff to comply with the provisions of the act of March 10, 1873, entitled "An act to protect *bona fide* occupants of real estate," and the court below will enter judgment in accordance herewith.