# BOARD OF EDUCATION OF CITY OF DULUTH v. HOWARD W. ANDERSON AND OTHERS.[1]

April 6, 1939.

Nos. 32,002, 32,003.

[1]Reported in 285 N. W. 80.

*Edward L. Boyle, Fryberger, Fulton & Boyle, R. S. Wiggin,* City Attorney of Minneapolis, *C. A Sawyer,* and *John F. Bonner,* for plaintiff.

A brief was filed on behalf of defendants by *William S. Ervin,* former Attorney General, and *Roy C. Frank* and *John A. Pearson,* former Assistant Attorneys General.

Upon hearing of the case there was an appearance and argument on behalf of defendants by *J. A. A. Burnquist,* Attorney General, and *Hayes Dansingburg,* Assistant Attorney General.

LORING, JUSTICE.

Plaintiff, the board of education of the city of Duluth, brought this action in the district court for Ramsey county, naming as defendants the members of the state board of education and the state commissioner of education. The purpose of the action was to obtain a declaratory judgment determining the law under which the receipts from the state income tax for the year 1936 should be distributed.

In 1933 the legislature enacted a state income tax law, L. 1933, c. 405 (3 Mason Minn. St. 1936 Supp. §§ 2394-1 to 2394-58), and, in addition to other provisions, specified by § 57 that the receipts should be distributed among the school districts of the state upon the basis of the population of compulsory school age. Specific purposes for which the granted funds could be used were enumerated. It was further provided that the receipts should be paid into a special fund in the state treasury known as the "Income Tax School Fund." In 1937 the special session of the legislature enacted, effective July 15, 1937, substantial amendments to the income tax law which increased the rates, and, by Ex. Sess. L. 1937, c. 49, § 28 (3 Mason Minn. St. 1938 Supp. § 2394-57) modified the method of

distribution of the proceeds so that each school district was to receive "an amount equal to $10.00 per child between the ages of six years and sixteen years, both years inclusive, residing in such district, provided that a child in his sixteenth year shall be included only if in actual attendance in school." The question presented is the effect of this law upon the distribution of the tax receipts for the taxable year 1936.

By the income tax law the tax for the year 1936 was due March 15, 1937, if the return was made upon the basis of the calendar year. However, if it was made upon the fiscal year basis, it was due on the 15th day of the third month following the closing of such year. The income tax for the year 1936, collected during 1937, totalled $6,417,755.36. On July 14, 1937, the day before the 1937 amendment became law, the balance in the special fund was $3,669,602.96.

The state board of education is charged with the duty of distributing the income tax receipts in such amounts and proportions as is proper under the applicable law. The board distributed the receipts for 1933, 1934, and 1935 according to the mandate of the 1933 statute respecting distribution. However, after the amendment of July 15, 1937, difficulty arose as to the law under which the 1936 tax receipts should be divided.

Plaintiff contends that the distribution of the 1936 income taxes, collected during 1937, must be according to the provisions of the 1933 law, that is, upon the basis of the number of children of compulsory school age in the district. Defendants stand upon the proposition that the 1937 amendment controls and determines the method of distribution of the entire tax proceeds for the year 1936. The trial court took the view that all of the tax collected on or before July 14, 1937, and which remained undistributed, should be allocated according to the provisions of L. 1933, c. 405, § 57, while that collected after that date should be disbursed in accordance with the 1937 amendment. Neither party being satisfied, both have appealed from the judgment of the lower court. However, each prosecutes the appeal only insofar as the judgment below is counter to the contentions advanced.

We need not embark upon a discussion of all the contentions put forward by the parties for in our analysis the essential consideration is whether the legislature intended to alter the interests of the districts by the amendment in July, 1937.

The amending statute does not contain any factors which can be deemed to indicate that it was intended to apply retrospectively. The settled rule of construction is that a retroactive effect will be given only where it is expressly provided by the legislature or demanded by necessary implication. "Without such command or implication they speak and operate upon the future only." Wilson v. Red Wing School District, 22 Minn. 488, 490. This principle applies to tax statutes precisely as to any other. 2 Cooley, Taxation (4 ed.) § 514. The act of 1937 specifically states that it is to take effect "from and after its passage." Consequently, it is clear that it has no application with regard to anything collected and undistributed prior to July 15, 1937.

The remaining question is whether the amendment applies to the distribution of the receipts collected after July 14, 1937. Clearly it applies to the 1937 income tax, but we do not believe that it applies to any part of the income taxes for years previous to 1937. The manifest object and announced purpose of the state income tax was to provide school funds and to lighten the burden imposed upon other forms of property. The receipts were credited to a specific fund, of which the school districts alone were the beneficiaries. The tax was annual and the tax organization "keyed" to such a basis. The income tax, when due and owing to the state, was an obligation created for the benefit of designated recipients. At this time they had an immediate interest (we do not decide its nature), which, however, was subject to the failure of the state to enforce the obligation because of various obstacles. The subsequent collection of the proceeds constituted merely the acquisition of the fund whereby enjoyment became a reality. When collected, it had to be distributed in a definite manner without discretion in those obliged to perform that duty. The interest of the various districts became fixed at the time the state became entitled to enforce the

obligation of the taxpayer. Consequently the respective interests could only be modified by the retrospective operation of the July 15, 1937, amending law. Whether the legislature has the power so to provide is not before us. The simple fact is that nothing appears which can provide a foundation for holding that a retroactive operation was intended. Concededly it is not expressly stated, and it does not appear by necessary implication. Absent these essentials, we are compelled to hold that the 1937 amendment does not in any way affect the distribution of the tax for 1936 or prior years.

Our conclusion is bolstered by the fact that the tax is annual and segregated. The 1937 amendment materially increased the tax rates and made other substantial alterations in the general income tax structure. The amendment respecting distribution must be viewed in light of these factors. It seems clear that the new method of division was referable to the increased tax receipts which would come into the school fund commencing with the taxable year 1937. The purpose of the amendment was to achieve an equitable distribution of the proceeds to be collected under the new structure created by the amendment in 1937.

Consequently the entire proceeds from the income tax for 1936 and prior years imposed and collected under L. 1933, c. 405, must be distributed according to the provisions of § 57 of the same act.

The judgment appealed from is modified and a judgment declared in accordance with the views herein expressed.

Mr. Justice Hilton, incapacitated by illness, took no part.