## GEORGE BENZ SONS, INC. v. SCHENLEY DISTILLERS CORPORATION AND ANOTHER.[1]

December 24, 1948.

No. 34,686.

---

[1] Reported in 35 N. W. (2d) 436.

*Paul C. Thomas* and *F. P. Bradford,* for appellant (relator below).

*Sanborn, Jackson & Biorn,* for respondent Schenley Distillers Corporation.

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for respondent Dudley C. Ericson.

THOMAS GALLAGHER, JUSTICE.

George Benz Sons, Inc., appeals from an order of the district court quashing a writ of certiorari brought to review an order of respondent liquor control commissioner cancelling appellant's registration of the label or trademark "Blue Ribbon" as applied to straight whiskey and ordering it registered in the name of Bernheim Distilling Company.

The question presented is whether Bernheim Distilling Company, which claims ownership of this label, had abandoned use thereof, under Minn. St. 1941, 340.62, as amended by L. 1945, c. 291, § 1 (now M. S. A. 340.62), which provides:

"(3) After the sale of any brand of intoxicating liquor as hereinbefore described has been discontinued within this state for a period of three years by the manufacturer or wholesaler distributing it, said brand and its brand label and any and all registrations thereof in this state shall thereafter be conclusively presumed to have been abandoned by said manufacturer and/or wholesaler."

Appellant asserts that such statute is retrospective in its application, and that thereunder the evidence clearly established that Bernheim Distilling Company, which had not sold whiskey under the "Blue Ribbon" label for more than three years subsequent to 1942, must be held to have abandoned the use of such label so as to justify appellant's acquisition of the same as hereinafter set forth.

Respondents deny that the statute is retrospective in its application and further assert that at no time was the label abandoned in Minnesota.

The label "Blue Ribbon," sometimes used in the form "Old Blue Ribbon," originated in 1876. It was first owned by Eminence Distilling Company, a corporation, and registered by it in the United States patent office in 1906. In 1919, George Benz & Sons, Inc., a Minnesota corporation, succeeded Eminence Distilling Corporation in the ownership thereof. A second corporation, named George Benz Sons, Inc., in turn succeeded George Benz & Sons, Inc., in the ownership. This latter corporation, for convenience, will be hereinafter referred to as Benz No. 1.

In 1942, and for some years prior thereto, Benz No. 1 was licensed to and did engage in the wholesale liquor business in Minnesota. It owned both the federal and Minnesota trademark registrations covering the "Blue Ribbon" label. In 1942, all of its shares of stock were sold and transferred to Bernheim Distilling Company, a Kentucky corporation, a subsidiary of Schenley Distillers Corporation, one of the respondents herein. The latter is the authorized agent in Minnesota for Bernheim Distilling Corporation in sales of straight whiskey under the "Blue Ribbon" label. For convenience, these companies will hereinafter be referred to as Bernheim and Schenley.

Shortly subsequent to such transfer of stock to Bernheim, the latter purchased from Benz No. 1 all of its lands, buildings, machinery, plant equipment, bottled liquors, trademarks, tradenames, and good will. By additional bills of sale, Benz No. 1 conveyed to it specific assignments of the "Blue Ribbon" label. Thereafter, on December 31, 1942, Benz No. 1 was dissolved under the laws of Minnesota.

During the recent war, because of the diversion of manufactured alcohol into defense industries, no whiskey was imported into Minnesota under the "Blue Ribbon" label. During that period, however, some 875 cases of "Blue Ribbon" whiskey previously on hand here were sold throughout the state by Famous Brands, Inc., a Minnesota corporation owned and controlled by Schenley.

It is undisputed that from 1942 to 1946 Bernheim registered the label and all assignments thereof in the office of the secretary of state of Minnesota; in the United States patent office; and in various federal alcohol administration units. In 1946, it renewed its original United States patent office registration thereof. It repeatedly sold straight whiskey under the "Blue Ribbon" trademark outside Minnesota, but was unable to import any into the state.

In December 1942, Minnesota Commercial Alcohol Corporation was organized. Its stockholders were the same as the former stockholders of Benz No. 1. On December 23, 1943, a wholesale liquor license was issued to it by the liquor control commissioner. On September 18, 1944, it changed its name to George Benz Sons, Inc. For convenience, it will hereinafter be referred to as Benz No. 2. It is not successor to, nor does it derive any rights from, the old corporation, Benz No. 1.

On January 2, 1946, Benz No. 2, appellant herein, filed its application with the state liquor control commissioner for registration of the label and trademark "Blue Ribbon" to be applied to blended whiskey. The commissioner granted the application, and registration was made by him on that day. On January 11, 1946, appellant made a single sale of one-quarter of a case of *blended* whiskey under the "Blue Ribbon" label to a licensed dealer in Minnesota.

In September 1946, respondent Schenley, as agent of Bernheim and authorized by it to use the label in Minnesota, sought to register it with the liquor control commissioner. Its application was denied. Subsequently, on March 12, 1947, a new application therefor was filed by Schenley as agent for Bernheim, whereupon the commissioner ordered a hearing, in which both Benz No. 2 and Schenley

appeared and presented evidence as to their rights in and claims to the label.

Based upon evidence outlined above, the commissioner thereupon made his order granting to Schenley, as agent for Bernheim, exclusive right to the use of the label "Blue Ribbon" in Minnesota; registering such label in Bernheim as owner; and cancelling the previous registration in the name of Benz No. 2. Subsequently, the district court approved the commissioner's action.

On appeal, it is urged that M. S. A. 340.62, which became effective on April 13, 1945, was retrospective in its application; that, because the evidence clearly disclosed that neither Schenley nor Bernheim had made use of the "Blue Ribbon" label within the state for a three-year period prior to such date, they must be deemed to have abandoned use thereof; and that appellant, thereafter the first to apply for its registration, became its lawful owner.

■ We do not believe § 340.62(3) is retrospective in its application. On the contrary, it seems clear that a period of three years from the date of its passage must elapse before it could be said that the use of any label or brand had been abandoned by the owner thereof within the state.

Prior to the 1945 amendment registration was not required. The preamble to the 1945 amendment provides that "The commissioner shall *hereinafter* establish a register for such brand labels" (italics supplied), and clearly indicates the intention of the legislature that the regulation therein relating to registrations and the use of registered labels was to apply to future acts and circumstances rather than to those already past.

The 1945 amendment as a whole consistently relates to future actions. After its passage, a brand label might be registered, even though the use thereof had been discontinued within the state for a period of two years. Wartime conditions rendered impossible the sale of many brands of liquor subsequent to 1942. Under the construction suggested by appellant, all brands which could not be placed on the market for three years prior to the passage of the act would automatically be wiped out the date the amendment was

passed. We do not believe the legislature intended any such drastic result, and the plain language of the act indicates to the contrary.

■ Section 645.21 specifically provides that no law shall be construed to be retroactive in its application unless clearly so intended by the legislature, exemplifying the principles that laws must look forward and that the courts will presume their enactment was for the future and not for the past. White v. United States, 191 U. S. 545, 24 S. Ct. 171, 48 L. ed. 295. Laws are not to be construed retrospectively unless clearly so intended by the legislature. Brown v. Hughes, 89 Minn. 150, 94 N. W. 438; Board of Education v. Anderson, 205 Minn. 77, 285 N. W. 80.

Based upon this construction, which in our opinion is in accord with the legislative intent, it is clear that at the time Schenley applied for registration of the "Blue Ribbon" label the period during which it could be held to have been abandoned had not expired. In consequence, the commissioner was correct in his finding that no abandonment thereof had been established under § 340.62(3).

The order is affirmed.