GERALD A. COOPER v. EVELYN WATSON
AND ANOTHER.
JAMES MILLER, THIRD-PARTY DEFENDANT.

187 N. W. (2d) 689.

June 4, 1971—No. 42874.

*King, Rieke, Lommen & Cole* and *Phillip A. Cole,* for appellant.
*Robb, Van Eps & Gilmore* and *Douglas Dale Reid, Jr.,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

NELSON, JUSTICE.

This is an appeal from a summary judgment dismissing a third-party action on the ground that it is barred by Minn. St. 176.061, subd. 10. The issue brought before us is as follows: Does § 176.061, subd. 10, effective September 1, 1969, serve to bar unliquidated claims for indemnity against employers arising out of injuries to employees occurring prior to the statute's effective date?

Minn. St. 176.061, subd. 10, provides:

"If an action as provided in this chapter prosecuted by the employee, the employer, or both jointly against the third person, results in judgment against such third person, or settlement by such third person, the employer shall have no liability to reimburse or hold such third person harmless on such judgments or settlements in absence of a written agreement to do so executed prior to the injury."

Subd. 10 is an amendment added by L. 1969, c. 936, § 4, which was made effective September 1, 1969. L. 1969, c. 936, § 15. This fact the parties to this appeal are agreed upon. There is no provision in L. 1969, c. 936, for the retroactive application of subd. 10.

No record was made of the special proceedings which resulted in the summary judgment appealed from. The parties and the trial court have agreed to the following statement of proceedings, made pursuant to Rule 110.03, Rules of Civil Appellate Procedure:

"The plaintiff served his complaint on appellant Evelyn Watson on November 26, 1969, seeking damages for personal injuries suffered in an automobile accident which occurred on December 12, 1968. The accident occurred on the premises of a gasoline service station owned and operated by respondent James Miller. On the day in question, Evelyn Watson left her automobile at Miller's service station to have certain repairs made. The plaintiff Gerald Cooper and the defendant Jeffrey D. Gibson were both employees of Miller on December 12, 1968, and were working at the station when Watson left her automobile there.

"Gibson was driving the Watson automobile in the garage area, and the plaintiff Cooper was allegedly directing the movement of the car. As a result of Gibson's alleged negligent operation of the Watson car, it was driven into the plaintiff and caused him injury. The plaintiff claimed and received benefits under the Workmen's Compensation laws from his employer's insurer. The subrogated interest of the workmen's compensation carrier is part of the plaintiff's total claim in this case.

"After receiving service of the plaintiff's complaint, Watson instituted third-party proceedings against Miller seeking indemnity. A cross-claim for indemnity was instituted against Watson's co-defendant Gibson. The latter, however, has not yet caused an appearance to be made in his behalf in these proceedings. The third-party claims were served on December 16, 1969.

"The respondent moved before the trial court on July 7, 1970, for summary judgment or dismissal of the third-party claim on the ground such claim was barred by the provisions of M.S.A. 176.061, subd. 10. The motion was opposed by counsel for Watson. On September 3, 1970, Judge Irving Iverson issued an order granting the respondent's motion. On October 9, 1970, the Clerk of District Court entered judgment against the appellant and in favor of the respondent."

James Miller, respondent and third-party defendant, contends (and this reasoning apparently persuaded the trial court) that § 176.061, subd. 10, was intended to apply to all causes of action commenced against an employer after the effective date of the statute. Since Evelyn Watson, appellant and third-party plaintiff, did not commence her third-party action against the employer until December 16, 1969, well after the September 1, 1969, effective date of subd. 10, the trial court found the action to be barred by the statute because no written agreement to hold her harmless had been executed prior to the injury. Miller also contends that since appellant has made no payment and judgment has not been entered against her in the action brought by Cooper,

she does not have a cause of action against his employer, nor does she have any vested right to indemnification.

The trial court proceeded on the theory that there was no genuine issue as to any material fact and determined that the third-party action was barred by § 176.061, subd. 10.

It is the contention of appellant that the employer's obligation to indemnify arises from the accident of December 12, 1968, and the relationship of the parties as of that date. She cites Lunderberg v. Bierman, 241 Minn. 349, 63 N. W. (2d) 355, 43 A. L. R. (2d) 865, in support of her contention. She argues that Lunderberg was the law prior to September 1, 1969, and that it secured to her indemnity without a written agreement. Certainly, to apply subd. 10 to the legal consequences of the accident and the relationships then in existence would be to apply the statute retroactively. It should therefore be noted that for the purpose of Miller's motion for summary judgment, it was conceded by him that, absent the bar of subd. 10, appellant would have a common-law action against him.

■ A right of indemnity arises where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged. Such a duty may arise by reason of a contractual obligation. Altermatt v. Arlan's Department Store, Inc. 284 Minn. 537, 169 N. W. (2d) 231.

■ The facts of the Lunderberg case are nearly identical to the facts of the instant case. In Lunderberg the owner of a car entrusted it to a garage owner for a 2,000-mile checkup. An employee of the garage owner was injured by the negligent operation of the car by another employee. This court held that the Workmen's Compensation Act does not bar an action for indemnity by the owner of the automobile against the garage owner if the owner of the automobile is held liable to the injured workman solely on account of Minn. St. 170.54 of the Safety Responsibility Act. The automobile owner and the garage owner stood in the relationship of bailor and bailee respectively. With respect

to the bailee's duty under the bailment contract, this court noted (241 Minn. 355, 63 N. W. [2d] 360, 43 A. L. R. [2d] 872):

"It would be wholly unrealistic to hold that the bailee is liable for damages to the bailor's property but is not liable for damages resulting to the bailor by virtue of the fact that she has been compelled to pay a judgment entered against her due to the negligence of the bailee. The old common-law rule of nonliability is founded upon the nonliability of the bailor, who has no part in the negligent act causing injury to a third party. Now that such liability is imposed upon the bailor by our financial responsibility act [Safety Responsibility Act], we should accept the fact that the liability so imposed is as much a damage to her resulting from the bailee's negligent conduct as damage to the bailor's property would be. We therefore hold that, where the owner of an automobile has become liable to a third person injured by one to whom the owner has granted permission to drive his car solely by virtue of the financial responsibility act, such owner is entitled to recover indemnity from the operator of the car in the absence of any active negligence chargeable to the owner."

■ If Minn. St. 176.061, subd. 10, is not applicable, appellant's right herein to claim indemnity is plainly acknowledged in Lunderberg, which presents a direct parallel to this case. The holding of the court below gives retroactive effect to subd. 10 contrary to the provisions of §§ 645.21[1] and 645.31.[2] The injury alleged

---

[1] Minn. St. 645.21. "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature."

[2] Minn. St. 645.31, subd. 1. "When a section or part of a law is amended, the amendment shall be construed as merging into the original law, becoming a part thereof, and replacing the part amended, and the remainder of the original enactment and the amendment shall be read together and viewed as one act passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their first enactment, and the new provisions shall be construed as effective only from the date when the amendment became effective. When an act has been amended 'so as to read as follows,' or otherwise, a later reference to that act either by its

by plaintiff in the lawsuit here involved was incurred December 12, 1968, almost 9 months before the effective date of subd. 10. It is a historic fact that the language of subd. 10 first appeared in 1967 as part of § 176.061, subd. 2, but its application was there limited to situations where the third-party indemnitee and the employer were engaged in a common enterprise or seeking to accomplish the same or a related purpose on the premises where injury occurred. In 1969, the legislature struck this portion of subd. 2 and created the new subd. 10.

The legislature has stated the effective date of subd. 10 and has not given the slightest hint of an intention that it should be applied retroactively. In the absence of such an intention, the courts in this state are not entitled to impart retroactive effect to subd. 10.

■ The argument was made at the trial by Miller that subd. 10 was applicable because appellant's cause of action for indemnity was not liquidated on or before September 1, 1969, because no payment had been made by appellant to satisfy a judgment or settlement. Thus, he contended that application of subd. 10 to unliquidated indemnity claims does not constitute retrospective application. This is clearly a mistaken notion, unworkable in the context of subd. 10' and in effect giving that provision retroactive effect contrary to § 645.21.

In Chapman v. Davis, 233 Minn. 62, 64, 45 N. W. (2d) 822, 824, where the effective date of L. 1949, c. 582, came under consideration, this court said:

"The question arises, however, whether the 1949 amendment (L. 1949, c. 582, § 1) of § 170.55 (1945) is to be construed as retroactive in its application to accidents arising in 1943. If no retroactive application was thereby effected, then the validity of service of the summons will be governed by § 170.05 (1941). Clearly, the 1949 amendment has no retroactive application. In

original title or as it exists in any compilation of the laws of this state includes the act as amended."

the first place, the amending act, namely, L. 1949, c. 582, § 1, is wholly silent as to retroactive application. In the second place, where the legislature enacts an amendatory act without expressing therein any intent that it shall be applied retroactively, the construction of such act is governed by § 645.31, * * *.

\* \* \* \* \*

All hope for retroactive application is further dispelled by § 645.21, which provides that 'No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.' This section is but expressive of the principle that the courts will presume that a statutory enactment applies to the future and not to the past. George Benz Sons, Inc. v. Schenley Distillers Corp. 227 Minn. 249, 35 N. W. (2d) 436. Furthermore, § 645.21 applies to all laws without making any distinction between laws relating to procedure and those pertaining to substantive rights. See, Ogren v. City of Duluth, 219 Minn. 555, 18 N. W. (2d) 535."

In 50 Am. Jur., Statutes, § 476, a retrospective law is variously defined as follows:

"A retrospective law, in the legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, *in respect of transactions or considerations already past*. It may also be defined as one which changes or injuriously affects a present right by going behind it and giving efficacy to anterior circumstances to defeat it, which they had not when the right accrued, or which relates back to and *gives to a previous transaction some different legal effect from that which it had under the law when it occurred*. Another definition of a retrospective law is *one intended to affect transactions which occurred, or rights which accrued, before it became operative, and which ascribes to them effects not inherent in their nature, in view of the law in force at the time of their occurrence*." (Italics supplied.)

Under any of these definitions, application of subd. 10 to appellant's claim for indemnity would be retrospective.

Since the protection of a written instrument, as required under subd. 10 on or after its effective date, cannot be provided in the case of antecedent transactions, it is impossible for subd. 10 to be applied to antecedent injuries on an equal basis with injuries occurring after the effective date of the provision. Therefore, since its protections as well as its disabilities cannot be applied to antecedent injury situations, subd. 10 must be construed to concern only claims for indemnity arising from injuries occurring on or after September 1, 1969.

Reversed and remanded.

PETERSON, JUSTICE (concurring specially).

The injury alleged by plaintiff employee (from liability for which defendant and third-party plaintiff, Evelyn Watson, seeks indemnity from third-party defendant employer, James Miller) occurred on December 12, 1968, several months before the enactment of Minn. St. 176.061, subd. 10, the expressed effective date of which was September 1, 1969.[1] I concur with the decision of the court that the legislature did not intend that the statute should be retroactively applied to this situation, but would do so on a ground not explicitly stated in the majority opinion.

The substantive right of indemnity, whatever the theoretical basis of the action, has its practical inception upon the occurrence of the injurious event for which the indemnitee is liable and for which, because of a relationship between the indemnitor and the indemnitee existing at that time, there arises a right to indemnity. Even though the right to indemnity does not mature until adjudication of the action against the indemnitee, it is at least an inchoate right at that prior point in time. This reason-

---

[1] Plaintiff's action was commenced on November 26, 1969, subsequent to the enactment of the statute. In view of today's decision, this procedural event is without legal significance, so that Lunderberg v. Bierman, 241 Minn. 349, 63 N. W. (2d) 355, 43 A. L. R. (2d) 865, will be applicable at trial.

able expectation of the prospective indemnitee is, in my view, of such substantive import as not to be frustrated by nice distinctions as to the nature of the remedy.

Every presumption, therefore, should be against finding a legislative intent that this addition to the statute was to be applicable to this action for indemnity.[2] The language of the statute, of course, does not clearly and manifestly express any such intent.

---

[2] Cf. Hunt v. Nevada State Bank, 285 Minn. 77, 92, 101, 172 N. W. (2d) 292, 302, 307, certiorari denied, 397 U. S. 1010, 90 S. Ct. 1239, 25 L. ed. (2d) 423.