Richard J. PARISH, Appellant,

v.

The Honorable Albert QUIE as Governor
of the State of Minnesota and Leo
Adams, Respondents.

No. 51117.

Supreme Court of Minnesota.

June 12, 1980.

Leonard & Weinblatt, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., and Kent G. Harbison, Sp. Asst. Atty. Gen., St. Paul, for respondents.

SHERAN, Chief Justice.

Appellant Richard J. Parish brings this appeal from an adverse judgment of the Ramsey County District Court. Appointed on June 1, 1976 to complete the remainder of a five-year term on the Minnesota Public Service Commission that began on January 1, 1975 and expired on January 2, 1980, appellant argues that a 1976 amendment to the governing statute, Minn.Stat. § 216A.03, subd. 1 (1976), extended his appointment by one year creating a six-year term of office. We reject appellant's position and affirm the judgment of the district court.

During its 1976 session, the Legislature of the State of Minnesota amended section 216A.03, subd. 1 by altering the "terms of all subsequent members of the commission" from five to six years. As amended, that statute reads in relevant part:

MEMBERS. As of January 1, 1975 the public service commission shall consist of five members, three of whom shall be the members then serving, who shall continue to serve for the balance of their elective or appointive terms. There shall be two additional commissioners appointed by the governor with the advice and consent of the senate, one for a term expiring December 31, 1975, and one for a term

expiring December 31, 1977. Thereafter the terms of all subsequent members of the commission shall be six years and until their successors have been appointed and qualified. Each commissioner shall be appointed by the governor by and with the advice and consent of the senate.

Minn.Stat. § 216A.03, subd. 1 (1976).

The case now before us presents an uncomplicated question of statutory construction. Appellant was appointed by the Governor in mid-1976 to complete the remaining three and one-half years of an unexpired five-year term on the public service commission that began on January 1, 1975, and assumed the duties of the office prior to the enactment of the 1976 amendment to the statute. The Senate, in later confirming the Governor's appointment, expressly limited the term of office to January 2, 1980. Thus, appellant was among the three members of the commission that, under the terms of the statute, were to "continue to serve for the balance of their elective or appointive terms." Minn.Stat. § 216A.03, subd. 1 (1976). Only thereafter, following the conclusion of such elective or appointive terms, was the tenure of all subsequent members of the commission to increase to six years.

In finding in the plain meaning of the statute no legislative intention that the 1976 amendment extend the terms of office of the commissioners then serving, we find appellant's interpretation without merit. Yet even if the amendment rendered the statute facially ambiguous, our rules of statutory construction dictate that the new six-year terms of office would apply only to appointments made after July 1, 1976, the effective date of the amendment. Amendatory language is only applicable from the date it becomes effective. Minn.Stat. § 645.31 (1978).

Appellant also argues that although his appointment to the commission preceded the operative date of the amendment, the amendment nonetheless applies. Retroactive applications of statutes, however, are not favored and will be given effect only when such intent is clearly and manifestly shown on the face of the statute. Minn. Stat. § 645.21 (1978); Brugger v. Brugger, 303 Minn. 488, 229 N.W.2d 131 (1975); Cooper v. Watson, 290 Minn. 362, 187 N.W.2d 689 (1971); Ekstrom v. Harmon, 256 Minn. 166, 98 N.W.2d 241 (1959); Chapman v. Davis, 233 Minn. 62, 45 N.W.2d 822 (1951); George Benz Sons, Inc. v. Schenley Distillers Corp., 227 Minn. 249, 35 N.W.2d 436 (1948). We perceive no such intent from the terms of the 1976 amendment.

Finally, we note that when appellant was appointed on June 1, 1976 by Governor Anderson, his tenure was expressly limited to the remainder of his predecessor's five-year term, notwithstanding the passage by the Legislature of the now-disputed 1976 amendment which was to take effect in July. Later, through the confirmation of his appointment by the Senate, appellant was once more apprised of the expiration date of his position on the commission, the official certificate of appointment noting expressly that the term of office extended through January 1, 1980. Governor Anderson's successor, respondent Governor Quie, continued to interpret the terms of the appointment in like manner, duly notifying appellant that his term expired on January 2, 1980 and making provisions for the appointment of a successor. Indeed, appellant, in seeking reappointment to the commission, explicitly acknowledged that his position would expire at the end of the five-year period. Only at the onset of this litigation did appellant's position change. Thus, in rejecting appellant's claim we find additional support in the interpretation of the statute by the officials charged with its operation, Bremer v. Comm'r of Taxation, 246 Minn. 446, 75 N.W.2d 470 (1956), and the subsequent approval of that application by the Legislature, State ex rel. Bergin v. Washburn, 224 Minn. 269, 28 N.W.2d 652 (1947).

Affirmed.