Herold V. HALUPTZOK, as Personal Representative of the Estate of John W. Haluptzok and Gerald R. Haluptzok, Appellants,

v.

Gerald N. PEYTON, Respondent.

No. C4-84-1581.

Court of Appeals of Minnesota.

Oct. 3, 1984.

David A. Cossi, Minneapolis, for appellants.

John N. Nys, Joseph J. Roby, Jr., Duluth, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ.

**OPINION**

POPOVICH, Chief Judge.

On August 2, 1984 appellants brought an unlawful detainer action seeking restitution of the Royal Pines Motel from the respondent. The trial court denied appellants' request and dismissed the complaint finding the notice of cancellation of a contract for deed served on April 27, 1984 failed to comply with 1984 Minn.Laws ch. 474, § 2. We reverse.

752

## FACTS

In December of 1980, Royal Pines, Inc. sold the Royal Pines Motel to respondent, Gerald Peyton by contract for deed for the total purchase price of $228,000. Peyton made a $48,000 down payment and utilizes the motel as his homestead. Royal Pines, Inc. subsequently transferred the vendor's interest to appellants Harold V. Haluptzok, as personal representative of the estate of John Haluptzok, and Gerald R. Haluptzok as tenants in common.

Under the contract, respondent was to pay monthly installments of $1,250 to the vendor and assume two mortgages in favor of Pioneer National Bank of Duluth (Bank). In December of 1983 respondent failed to pay installments to the vendor and the Bank. Respondent continues to be in default.

In April 1984 the Bank indicated respondent was $5,240 in arrears and foreclosure would be commenced in June 1984 unless the default was cured. On April 27, 1984 appellants served notice of cancellation of the contract giving respondent 90 days to cure the defaults. The notice of cancellation specified respondent was in default for failing to pay December 1983-April 1984 mortgage payments to the Bank totalling $6,550, and failing to pay December 1983-April 1984 contract for deed payments to the vendor totalling $6,250. The 90-day reinstatement period expired July 26, 1984. Respondent failed to cure the default.

On August 2, 1984 appellants filed its unlawful detainer action. Respondent alleged the notice of cancellation of the contract for deed was defective by not complying with 1984 Minn.Laws ch. 474, § 2. The trial court agreed and by order of August 22, 1984 denied appellants' demand for restitution and dismissed the complaint. Judgment was entered. Appellants appealed September 4, 1984. This matter was expedited because the Bank intends to foreclose the mortgages on October 4, 1984.

## ISSUE

Should 1984 Minn.Laws ch. 474, § 2 be retroactively applied to require that notices of cancellation of contracts for deed served prior to May 1, 1984, contain "a statement that the borrower may be eligible for an extension of the time prior to foreclosure and execution sale under sections 583.01 to 583.12"?

## ANALYSIS

1. Prior to May 1, 1984, Minn.Stat. § 559.21, subd. 6 (Supp.1983) specified the contents of a notice of cancellation of a contract for deed. Minn.Stat. § 559.21, subd. 6 (Supp.1983) provided:

Subd. 6. *Temporary minimum notice.* Notwithstanding the provisions of any other law to the contrary, no contract for conveyance of homestead property, as defined in section 583.02, shall terminate until 60 days after service of notice if the notice is served after May 24, 1983, and prior to May 1, 1984 or 90 days after service of notice if the contract was entered into after May 1, 1980 and the contract vendee has paid 25 percent or more of the purchase price. The notice shall specify this 60 or 90 day period. This section does not apply to earnest money contracts, purchase agreements or exercised options.

2. 1984 Minn.Laws ch. 474, § 2 (effective May 1, 1984, 1984 Minn.Laws ch. 474, § 8) amended Minn.Stat. § 559.21, subd. 6 to provide:

Subd. 6. TEMPORARY MINIMUM NOTICE. Notwithstanding the provisions of any other law to the contrary, no contract for conveyance of homestead property, as defined in section 583.02, shall terminate until 60 days after service of notice if the notice is served after May 24, 1983, and prior to May 1, ~~1984~~ 1985, or 90 days after service of notice if the contract was entered into after May 1, 1980 and the contract vendee has paid 25 percent or more of the purchase price. The notice shall specify this 60- or 90-day period. *The notice shall include a statement that the borrower may be eligible for an extension of the time prior to foreclosure and execution sale*

*under sections 583.01 to 583.12.* This section does not apply to earnest money contracts, purchase agreements or exercised options. (Emphasis added.)

Respondent contends appellants' notice of cancellation is defective because it did not contain the statement "that the borrower may be eligible for an extension of time prior to foreclosure and execution sale under sections 583.01 to 583.12" as required by the amended statute. Appellant argues the notice complied with the law in effect at the time of service on April 27, 1984.

■ 3. When the Legislature enacts legislation without expressing an intent that it is to be applied retroactively, Minn. Stat. § 645.31 (1982) applies. *Cooper v. Watson,* 290 Minn. 362, 369, 187 N.W.2d 689, 693 (1971); *Chapman v. Davis,* 233 Minn. 62, 64, 45 N.W.2d 822, 824 (1951). Minn.Stat. § 645.31, subd. 1 (1982) in part provides:

Subdivision 1. *Amendatory laws.* When a section or part of a law is amended, the amendment shall be construed as merging into the original law, becoming a part thereof, and replacing the part amended, and the remainder of the original enactment and the amendment shall be read together and viewed as one act passed at one time; but the portions of the law which were not altered by the amendment shall be construed as effective from the time of their first enactment, *and the new provisions shall be construed as effective only from the date when the amendment became effective.* (Emphasis added.)

Minn.Stat. § 645.21 (1982) provides:

No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

■ 4. 1984 Minn.Laws ch. 474, § 2 does *not* indicate a clear and manifest legislative intent that it should be applied retroactively to require notices served prior to May 1, 1984 contain a statement about eligibility for an extension of time. The dates in the section are only intended to indicate a 60- or 90-day period until termination.

If we were to apply 1984 Minn.Laws ch. 474, § 2 retroactively, it would cause inequities and cloud title of real estate throughout Minnesota. All contract cancellations initiated prior to May 1, 1984 would be ineffective for failure to contain the extension language specified. Vendors would be required to serve new notices and commence cancellation procedure anew resulting in substantial delays, increasing costs and attorneys fees. Good faith purchasers would be adversely affected and a cloud on the title would exist. If the Legislature intended this section have retroactive application it should have expressly provided.

1984 Minn.Laws ch. 474, § 2 does not contain such language. The law became effective "from the date when the amendment became effective." Minn.Stat. § 645.31, subd. 1 (1982). The amendment became effective May 1, 1984. 1984 Minn. Laws ch. 474, § 8. The notice was served on respondent on April 27, 1984 and 1984 Minn.Laws ch. 474, § 2 was not applicable.

■ The notice of cancellation conformed to the law when the cancellation commenced. It is unreasonable to require a notice of cancellation comply with a statute not yet effective. The Legislature does not intend a result that is unreasonable. Minn.Stat. § 645.17(1) (1982).

**DECISION**

The trial court erred in denying appellants' request for restitution of the motel and dismissing the complaint. The notice of cancellation served upon the respondent was valid. Appellants are entitled to restitution of the motel.

REVERSED.