**In re Michael Emmett JEWELL and Linda Harriet Jewell, Debtors.**

**Michael Emmett JEWELL and Linda Harriet Jewell, Plaintiffs,**

**v.**

**STATE OF MINNESOTA, DEPARTMENT OF REVENUE, Defendant.**

Bankruptcy No. 3–87–727.

Adv. No. 3–87–218.

United States Bankruptcy Court, D. Minnesota, Third Division.

April 22, 1988.

Howard Malmon, St. Paul, Minn., for plaintiffs.

Thomas Overton, Sp. Asst. Atty. Gen., Tax Litigation Div., St. Paul, Minn., for defendant.

## ORDER

DENNIS D. O'BRIEN, Bankruptcy Judge.

Plaintiffs/Debtors commenced this adversary proceeding on August 28, 1987, requesting a determination that Defendant State of Minnesota's (State) tax lien against Debtors' property did not attach to Debtors' exempt homestead, or alternatively, that the State's lien against the homestead is invalid. Both parties moved for

summary judgment and argued their motions on March 21, 1988. Howard Malmon represented the Debtors. State Attorney General Hubert H. Humphrey, III, and Special Assistant Attorney General Thomas K. Overton represented the State. Based on the arguments and memoranda of counsel, the file and record herein, and now being fully advised in the matter, the Court makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

On August 27, 1982, the State levied a tax assessment against Debtors for income taxes owed for the year 1979. It filed a Notice of State Tax Lien based on this assessment on October 31, 1985. At the time the tax assessment was levied, Debtors did not reside in Minnesota. However, subsequently they purchased a home in Rochester, Minnesota, where they have since lived continuously.

Debtors filed for bankruptcy under Chapter 7 on March 12, 1987. On Schedule B-4 of the petition, pursuant to MINN. STAT. § 510.01, Debtors claimed their homestead as exempt. No objection to this exemption was made. On June 16, 1987, pursuant to 11 U.S.C. § 727, Debtors were discharged from all dischargeable debts, including the debt owed the State for 1979 taxes. As of November 20, 1987, the State's tax lien against Debtors' property secured a delinquency in the amount of $5,081.09.

11 U.S.C. § 522(c)(2)(B) provides that a debtor's exempt homestead is subject to a debtor's tax liability to the extent of a tax lien, notice of which is properly filed,[1] notwithstanding the exemption and discharge from prepetition indebtedness. Prior to April 1986, Minnesota law provided that delinquent taxes owed became a lien upon a debtor's real and personal property, except his homestead, and other personal property not here relevant. MINN.STAT. § 270.69.[2] On April 9, 1986, MINN.STAT.

---

1. There is no dispute in this case that the State's Notice of Tax Lien was properly filed.

2. MINN.STAT. § 270.69, as enacted in 1982, provided that the lien came into being upon the

commissioner's filing of a notice of lien. In 1985, this statute was amended to provide that the lien arose after the date of assessment.

§ 270.69 was amended as part of the 1986 Tax Act. The Minnesota legislature repealed the provision which excepted homesteads from property upon which taxes became a lien.

The issue is whether the State acquired a valid tax lien against Debtors' homestead by virtue of the 1986 amendment to MINN. STAT. § 270.69. Specifically, the Debtors and the State dispute: whether the amendment is retroactive, and if so, whether it is unconstitutional in application to tax liabilities and homesteads existing prior to its enactment; and, whether the legislature intended the amendment to result in the application of income tax liens to pre-existing homesteads. Debtors claim that the legislature did not intend that the 1986 amendment encumber pre-existing homesteads with income tax liens; but, if it did, then the application is an unconstitutional impairment of their pre-existing vested homestead rights.

## II.

MINN.STAT. § 270.69 provides:

**Subdivision 1. Creation of lien.** The tax imposed by any chapter administered by the commissioner of revenue, and interest and penalties imposed with respect thereto, including any recording fees, sheriff fees, or court costs that may accrue, shall become a lien upon the property within this state, both real and personal, of the person liable for the payment or collection of the tax, except property exempt under subdivision 3, from and after the date of assessment of the tax.

.    .    .    .    .

**Subd. 3. Exempt property.** The lien imposed on personal property by this section, even though properly filed, is not enforceable against a purchaser with respect to tangible personal property purchased at retail, or against the personal property listed as exempt in sections 550.37, 550.38, and 550.39.

MINN.STAT. § 270.69 (1986, amending MINN.STAT. § 270.69 (1985)) (effective July 1, 1986). This amendment repealed the clause "or against the homestead of the taxpayer as defined in Chapter 510", from the end of Subd. 3 of § 270.69.

■ A statute is retroactive if it affects rights existing prior to its effective date. *See Cooper v. Watson*, 290 Minn. 362, 187 N.W.2d 689, 693 (Minn.1971). A law is not retroactive merely because it defeats an expectation based on the continuing existence of the prior law. *See In re Estate of O'Keefe*, 354 N.W.2d 531, 535 (Minn.App. 1984); *In re Johnson*, 69 B.R. 988, 995 (D.Minn.1987). A law which would otherwise impair rights existing prior to its enactment will not "be construed to be retroactive unless clearly and manifestly so intended by the legislature." MINN.STAT. § 645.21 (1986).

■ In the State of Minnesota, the homestead exemption has historically been treated as an absolute right, not merely a privilege. *Ryan v. Colburn*, 185 Minn. 347, 241 N.W. 388 (Minn.1932); *Tomlinson v. Kandiyohi County Bank*, 162 Minn. 230, 202 N.W. 494 (Minn.1925); *In re Joy*, 5 B.R. 681 (D.Minn.1980). However, the nature and extent of the exemption is determined, limited and controlled by statute. The homestead exemption statute does not, and has not previously, exempted the homestead from valid tax liens. *See* MINN.STAT. 510.05 (1986)[3]; *see also Northwestern Nat'l Bank of South St. Paul v. Kroll*, 306 N.W.2d 104 (Minn.1981) ("the homestead exemption and its limitations ... are contained in §§ 510.01 and 510.05 and draw their validity and force from MINN.CONST. art. 1, § 12".)

---

**3.** MINN.STAT. § 510.05 provides:
Such homestead exemption shall not extend to any mortgage lawfully obtained thereon, to any valid lien for taxes or assessments, to a claim filed pursuant to section 256B.15 or section 246.53 or to any charge arising under the laws relating to laborers or material supplier's liens.

Debtors suggest that the exclusionary language relating to tax liens pertains only to real estate tax liens. However, they have cited no authority for this proposition and the Court has found none.

MINN.STAT. § 270.69, Subd. 3, is not an exemption statute, despite its use of the terms "exempt property" and "exempt". Rather, it is a limitation on the enforceability of the tax liens provided for by Subdivision 1 of the same statute. That limitation is a privilege conferred with respect to certain property.

While the Debtors might have had an expectation that the privilege would continue with respect to their homestead, they could have no vested right in the privilege. Therefore, application of the lien to the Debtors' existing homestead, by removal of the privilege, does not constitute the interference with a pre-existing vested right. Accordingly, the 1986 amended statute is not retroactive, either inherently or in its application.

It is clear that the legislature intended the repeal to apply to tax obligations and homesteads existing at its effective date. Section 270.69 is worded to include assessed taxes imposed by any chapter. It is not limited to taxes assessed, or due, at some future date. Similarly, it includes any property within the state, rather than property acquired after a certain date.

Furthermore, legislative intent can be inferred from legislation limiting the application of other provisions of the 1986 Tax Act. For example, some statutes were made effective for tax years beginning after specific dates, and some were made effective for tax returns filed after specific dates. *See* Minn.Laws 1986, 1st spec. sess., ch. 1, art. 1, § 10; art. 2, § 6; art. 3, § 22; art. 4, § 52; art. 5, § 13; art. 6, § 6; art. 7, § 39; art. 8, § 20; art. 9, § 65; art. 10, § 24; and art. 11, § 2. The 1986 amendment at issue did not contain any special limitation. It can be inferred that the amendment was intended to apply to tax liability and homesteads existing on its effective date.

Evidence of legislative intent may be sought in the legislative history as well as the language of a statute. *See Nardini v. Nardini,* 414 N.W.2d 184 (Minn.1987); *see also Krause v. Merickel,* 344 N.W.2d 398, 402 (Minn.1984). The legislative history of MINN.STAT. § 270.69 supports the above interpretation. Section 270.69 (1982), and subsequent amendments to it in 1983 and 1985, recited that these provisions were effective on certain dates, but did "not apply to any tax the collection of which is barred by the statute of limitations" as of the effective date. The negative inference clearly is that these provisions did otherwise apply to pre-existing tax obligations. There is no reason to assume that this inference does not continue to apply to this statute as amended in 1986.

Based on the above, the State of Minnesota has a valid, enforceable tax lien against Debtors' homestead, pursuant to MINN.STAT. § 270.69 and 11 U.S.C. § 522(c)(2)(B).

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for summary judgment is denied in all respects.

2. Defendant's motion for summary judgment requesting a declaration that it has a valid tax lien against Debtors' homestead is granted. That certain tax lien evidenced by the Notice of State Tax Lien filed on October 31, 1985, and based on tax assessment levied on August 27, 1982, regarding taxes owing for the year 1979, against the Debtors and in favor of the State of Minnesota, is and remains a valid and enforceable lien against the Debtors' homestead in accord with MINN.STAT. § 270.69.

3. Defendant is entitled to its allowable costs, but not attorneys' fees, incurred in this proceeding.

Let Judgment Be Entered Accordingly.