**FARM CREDIT BANK OF ST. PAUL, Appellant,**

v.

**Sigfried AHRENSTORFF, Marlis M. Ahrenstorff, et al., Respondents.**

No. C6-91-581.

Court of Appeals of Minnesota.

Jan. 14, 1992.

Review Denied Feb. 27, 1992.

C. Thomas Wilson, Reed H. Glawe, Gislason, Dosland, Hunter & Malecki, New Ulm, for Farm Credit Bank of St. Paul.

Laurence B. Hughes, William J. Wetering, Hedeen, Hughes & Wetering, Worthington, for Sigfried Ahrenstorff.

Hans K. Carlson, Muir, Costello & Carlson, Jackson, and Hubert H. Humphrey, III, Atty. Gen., Paul A. Strandberg, Sp. Asst. Atty. Gen., St. Paul, for Marlis M. Ahrenstorff, et al.

Considered and decided by PETERSON, P.J., and FORSBERG and KALITOWSKI, JJ.

## OPINION

PETERSON, Judge.

Farm Credit Bank of St. Paul appeals from judgment dismissing its deficiency judgment action for lack of subject matter jurisdiction. The trial court decided that a 90 day limitations period barred the action for a deficiency judgment even though the foreclosure sale that created the deficiency was held before the statute that established the limitations period was enacted. We reverse and remand.

## FACTS

On May 25, 1982, the Ahrenstorffs executed a promissory note to Farm Credit Bank of St. Paul (FCB) in the amount of $575,000. The note was secured by a mortgage covering 320 acres of farmland in Jackson County, Minnesota. Upon default on the note, FCB foreclosed the mortgage and held a foreclosure sale on October 30, 1985. At the sale, FCB purchased the farmland for $400,000.

On July 13, 1990, FCB commenced an action for a deficiency judgment against the Ahrenstorffs. In their separate answers the Ahrenstorffs asserted the action was barred by the statute of limitations under Minn.Stat. § 582.30, subd. 5(a) (1990). FCB brought a motion for partial summary judgment against Sigfried Ahrenstorff. The district court concluded that the limitations period under Minn.Stat. § 582.30, subd. 5(a) had run and dismissed the action for lack of subject matter jurisdiction. The district court determined that FCB should have brought the deficiency judgment action within 90 days of March 22, 1986, the effective date of § 582.30, subd. 5(a). FCB appealed, and we granted leave to the State of Minnesota to intervene.

## ISSUE

Does Minn.Stat. § 582.30, subd. 5(a) bar a deficiency judgment action brought more than 90 days after the foreclosure sale when the sale occurred before the statute's effective date?

## ANALYSIS

On appeal from a summary judgment, this court must determine whether (1) there are any genuine issues of material fact, and (2) whether the trial court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinic,* 426 N.W.2d 425, 427 (Minn.1988). We find that the trial court erred in applying the statute of limitations contained in Minn.Stat. § 582.30, subd. 5(a).

Minn.Stat. § 582.30, subd. 5(a) provides, in part

> If a mortgage entered on or before March 22, 1986, on property used in agricultural production is foreclosed and sold, a deficiency judgment may only be obtained by filing an action for a defi-

ciency judgment and a determination of the fair market value of the property within 90 days after the foreclosure sale. The parties do not dispute that the mortgage in question was entered into before March 22, 1986, and was on property used in agricultural production. However, the foreclosure sale occurred before the effective date of the statute.

The district court construed the statute to require a deficiency judgment action to be brought within 90 days after its effective date when a foreclosure sale occurred before its effective date. Former law provided a six-year statute of limitations for a deficiency judgment action on a farm mortgage. *See* Minn.Stat. § 541.05, subd. 1 (1984).

FCB argues that the district court's retroactive application of Minn.Stat. § 582.30, subd. 5(a) is erroneous because the legislature did not express an intent to have the statute apply to mortgages foreclosed before the effective date of the statute. We agree.

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1990); *see also Mason v. Farmers Ins. Cos.*, 281 N.W.2d 344, 346 (Minn. 1979) (Minnesota laws not presumed to have retroactive effect). A retroactive law is:

> one intended to affect transactions which occurred, or rights which accrued, before it became operative, and which ascribes to them effects not inherent in their nature, in view of the law in force at the time of their occurrence.

*In re Wage & Hour Violations of Holly Inns, Inc.*, 386 N.W.2d 305, 312 (Minn.App. 1986) (emphasis omitted) (citing *Cooper v. Watson*, 290 Minn. 362, 369, 187 N.W.2d 689, 693 (1971)). Applying the 90 day statute of limitations to a claim that existed in 1985 under a six-year statute of limitations is retroactive application of the law. *See*

*Lovgren v. Peoples Elec. Co., Inc.*, 380 N.W.2d 791, 795 (Minn.1986) (to apply current two-year statute of limitations to claims existing under six-year statute of limitations is retroactive application of the law).

We find no clearly expressed intent that Minn.Stat. § 582.30, subd. 5(a) should apply retroactively to a mortgage foreclosure sale held before the effective date of the statute. Section 582.30 distinguishes between mortgages based on the dates that they were entered into, not the dates that they were foreclosed; subdivision 3 addresses mortgages entered after March 22, 1986 and subdivision 5 addresses mortgages entered on or before March 22, 1986.

When drafting Minn.Stat. § 582.30, subd. 5(a), the legislature simply did not address the time period during which a deficiency judgment action could be brought when a mortgage had already been foreclosed before the effective date of the statute. Minn.Stat. § 582.30, subd. 5(a) cannot be construed to apply to this mortgage without adding language to the statute. A court "cannot supply that which the legislature purposely omits or inadvertently overlooks." *Wallace v. Commissioner of Taxation*, 289 Minn. 220, 230, 184 N.W.2d 588, 594 (1971).

## DECISION

Because the deficiency judgment action was commenced within the applicable six-year limitations period, the trial court improperly dismissed the action for lack of subject matter jurisdiction.

Reversed and remanded.