DESIRE H. MICHAUD and Another v. NILS ERICKSON and Another.[1]

July 9, 1909.

Nos. 16,135—(160).

**Action against Bondsman—Demurrer.**
The owners in common of a certain block, through one of their number, acting on behalf of all, entered into a contract with E., whereby the latter

[1]Reported in 122 N. W. 324.

agreed to grade said block and deposit a stipulated amount of dirt taken therefrom upon another block owned by two of the owners of the block from which the dirt was to be taken. The one in whose name the contract was made had no interest in this block. To secure the performance of the contract, a bonding company issued a bond, running to the person in whose name the contract was made. E. did a part of the grading; but, instead of placing the dirt upon the block in question, as required by his contract, he appropriated the same to his own use. Demand being made upon the bonding company, it placed an agent in charge of the work and completed the same, but refused to comply with that part of the contract which required the dirt to be placed upon the block in question. In an action by the owners of the lots upon which the dirt was to be placed against E. and the bonding company, these facts, among other matters, were alleged. The trial court properly overruled a demurrer to the complaint.

**Plaintiffs Entitled to Maintain Action.**

The complaint states facts sufficient to show that the contracts were made for the benefit of the plaintiffs, that their interest appeared on the face of the first contract, that the party in whose name the contracts with E. and the bonding company were made was under obligation to the plaintiffs, and that the plaintiffs, for whose benefit the contract was made, were entitled to maintain the action.

**Liability in Tort.**

If the bonding company, after placing its agent in charge of the work, refused to comply with the contract, and appropriated the earth, as alleged in the complaint, it became liable in tort to the owners of the lot which was to be filled up.

Action in the district court for Ramsey county against Nils Erickson and the American Bonding Company of Baltimore. The first cause of action against defendant company was to recover one thousand dollars damages on its bond. The second cause of action against said defendant company was to recover $4,952.20 damages. The defendant demurred on the grounds: (1) The complaint did not state a cause of action; (2) the alleged first cause of action failed to state facts sufficient to constitute a cause of action against said corporation; and (3) the alleged second cause of action failed to state facts sufficient to constitute a cause of action against said corporation. From an order, Olin B. Lewis, J., overruling the demurrer of defendant company, it appealed. Affirmed.

*Fitzhugh Burns* and *John D. O'Brien,* for appellant.

*Walter L. Chapin,* for respondents.

ELLIOTT, J.

This is an appeal from an order overruling a general demurrer interposed by the American Bonding Company to each of two causes of action alleged in the complaint. The action was brought by D. H. Michaud and E. S. Warner against Nils Erickson and the American Bonding Company of Baltimore, and the complaint alleges, in substance, as a first cause of action: That on or about the twenty-eighth day of February, 1906, the defendant Erickson and one William. C. Read, who acted therein on behalf of himself and the plaintiffs and certain other parties, entered into a written contract which contained the following provisions:

"This agreement, made and entered into on this 28th day of February, 1906, by and between W. C. Read and Nils Erickson, both of St. Paul, Minnesota, witnesseth: The said Erickson, for the consideration hereinafter agreed to be paid him, shall grade the following described parcels of land, located in the city of St. Paul, Ramsey county, Minnesota, namely: All of block 37 of Summit Park addition to said city of St. Paul, except lot one (1) and lots ten (10) to nineteen (19), inclusive, of said block, and shall haul the material excavated for the purposes of said grading and deposit the same as follows: About four thousand (4,000) cubic yards thereof he shall deposit on lots seven (7), eight (8), nine (9), and ten (10), of block twenty-five (25), of said Summit Park addition, namely, the property belonging to said W. C. Read; about fourteen thousand (14,000) cubic yards thereof he shall haul and deposit on lots six (6), seven (7), and eight (8), of block thirty-nine (39), of said Summit Park addition, namely, the property belonging to Michaud and Warner; and three thousand (3,000) cubic yards, more or less, he shall deposit on the property of Smith and Taylor on the northwest corner of Goodrich and Lexington avenues, namely, * * *, as directed by the owners. It being understood that the grading of the lots in said block thirty-seven (37) shall be done in accordance with the specifications and grade stakes as set by Jens Peterson, engineer, who shall fix the grade to which said property shall be lowered."

After stating the character of the work, and the amount of consideration, and the manner of its payment, the contract provides that "it is further agreed that said work shall be commenced within ten (10) days from this date and completed within four (4) months," and that "said Erickson shall at the time of signing this contract furnish and deliver to said Read a bond executed by some responsible surety company in the sum of at least one thousand ($1,000) to indemnify the said Read against any loss for failure on the part of said Erickson to perform this contract."

The complaint alleges: That on February 28, 1906, the defendant Erickson, as principal, and the American Bonding Company, as surety, executed and delivered to said William C. Read a written obligation, which is set forth in full in the complaint, by the terms of which Erickson and the bonding company became held and bound jointly and severally to William C. Read in the sum of $1,000, subject to the condition that Erickson should fully and faithfully perform the said contract with Read, which is described in the bond, within the time and according to the terms which were prescribed, and to pay as they became due all just claims for labor performed and materials furnished in the execution of the contract, and save the said William C. Read harmless from all costs, charges, and expenses that may accrue on the doing of the work specified in the contract. That the plaintiffs were at all the times mentioned the owners of lots 6, 7, and 8, in block 39, of Summit Park addition, and part owners in common with William C. Read and other parties of all of block 37. That Erickson excavated from part of block 37, specified in the contract to be graded, at least twenty-three thousand cubic yards of earth, but diverted and sold for other purposes a large portion thereof, instead of placing the entire amount of earth on said lots 6, 7, and 8. That said lots front on Summit avenue, and are much below grade. That all of said fourteen thousand cubic yards of earth is needed to raise them to the grade conformable to the grade of Summit avenue. That there is a great deficiency of earth in the neighborhood of lots 6, 7, and 8, and that it will be impossible to secure and place on said lots the quantity of earth equal to the difference between the fourteen thousand cubic yards required by said contract and the 7,684

cubic yards placed thereon by Erickson without expense amounting to the sum of $4,952.20. That Erickson entered upon the performance of the contract, but failed to complete the same, to the damage of the plaintiffs in the sum of $4,952.20. That in December, 1907, the plaintiffs demanded of the American Bonding Company that it pay to them the sum of $1,000, provided for in said bond, on account of the damages caused by the failure of Erickson to perform his contract, but that the bonding company refused to pay the same.

For a second cause of action the plaintiffs realleged: The making of the contract between Erickson and Read, as hereinbefore recited, the failure of Erickson to complete the contract, and a demand upon the bonding company that it perform, or cause Erickson to perform, his contract according to its terms; that thereupon the said bonding company placed in charge of said work, in connection with Erickson and as its representative, one Maurice P. Moriarty, and assumed through said Moriarty to direct the performance of said work; that thereafter said bonding company through its representative, Moriarty, assumed charge and control of the performance of the work under said contract, with the assent of Erickson, and directed how it should be done, and what should be done thereunder, and exerted full control over Erickson in such respect, and that the said bonding company, through its representative, Moriarty, then and there refused to allow any of the earth excavated from block 37 to be placed upon lots 6, 7, and 8, of block 39, beyond the total quantity of 7,864 cubic yards, and did wilfully and unlawfully prevent said Erickson, by virtue of the control it exercised over his work, and by its counsel, advice, and instructions, from placing more than that number of cubic yards of said earth on lots 6, 7, and 8, of block 39, although these plaintiffs at all times demanded of said Erickson and said bonding company that there be placed upon said lots the full quantity of fourteen thousand cubic yards called for by said contract; that there were excavated by said Erickson from that part of block 37 specified in the contract to be graded at least twenty-three thousand cubic yards of the earth, at least seven thousand cubic yards of which were excavated by said Erickson while said bonding company was controlling him in the performance of his work, and was actually engaged in the prosecution thereof with said Erickson, and said

Erickson and said bonding company wrongfully and wilfully diverted, and caused to be sold for other purposes, at least the quantity of 6,236 cubic yards of earth, which was available and required by said contract to be placed upon lots 6, 7, and 8, of block 39, owned by these plaintiffs; that the plaintiffs at all times demanded of said Erickson and said bonding company that the full quantity of fourteen thousand cubic yards should be placed upon said lots, but that said Erickson and said bonding company wrongfully and unlawfully refused to place thereon more than 7,864 cubic yards; that said lots are below grade, and that all of said fourteen thousand cubic yards of earth were and are needed to raise them to grade; that there is a great deficiency of earth in the neighborhood of these lots, and that it will be impossible to procure and place on said lots a quantity of earth equal to the difference between the fourteen thousand cubic yards and the 7,864 cubic yards placed thereon by Erickson without great expense, amounting in all to $4,952.20. It is then alleged that the plaintiffs have been damaged to that amount by the action of said Erickson and the bonding company in refusing and failing to fill said lots as aforesaid. Judgment was then demanded against Erickson and the bonding company for the sum of $4,952.20.

The first cause of action as against the bonding company, is upon the contract contained in the bond. The block from which the earth was to be removed belonged to Read, Michaud, Warner, and other parties. Both Read and the plaintiffs, therefore, had an interest and ownership in the earth which was to be and was in fact removed. Erickson contracted with Read, and the allegation is that Read acted as agent for Michaud and Warner. The obligation of Erickson and the bonding company was directly to Read; but the contract discloses that Michaud and Warner, who were part owners of the block, were to receive a benefit from the performance of the contract by having their individual lots graded through the deposit thereon of this earth in which they were interested. The contract is with Read; but these third parties were to receive a benefit therefrom, and under the rule in Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 Am. St. 618, and Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, they are entitled to maintain the ac-

tion, providing there was an obligation to them on the part of Read. Such an obligation is disclosed by this record, and the demurrer to the first cause of action was therefore properly overruled.

The demurrer to the second cause of action was also properly overruled. The complaint states a cause of action in tort, independent of the contract by which the bonding company obligated itself to the extent of $1,000. If, after assuming charge of the completion of the work, it refused to comply with the contract, and appropriated the earth as alleged in the complaint, it is liable for the damages resulting to the plaintiffs therefor.

Order affirmed.