HENRY E. La MOUREA v. JENS O. RHUDE AND OTHERS.[1]

December 13, 1940.

No. 32,555.

*Abbott, MacPherran, Dancer, Gilbert, Doan & Zuger,* for appellants.

[1]Reported in 295 N. W. 304.

*M. J. McKeon* and *Whipple, Atmore & Lyons,* for respondent.

STONE, JUSTICE.

The one question is whether plaintiff may recover on a contract, to which he was not a party, between the city of Duluth and defendants whereby the latter obligated themselves to do certain work of sewer construction. Plaintiff seeks recovery for consequential damage to his near-by real estate caused by the blasting operations of defendants.

The contract contemplated excavation in solid rock, and that the work could be done only "by the use of heavy charges of explosives * * * the use and effect of which might, and very probably would be felt and cause damage * * * in the immediate vicinity." In consequence, it made defendants "liable for any damages done to the work or other structure or public or private property and injuries sustained by persons" in the operations.

The claim for defendant is that this promise was one to indemnify the city and nothing more. So, the conclusion is, plaintiff has no cause of action against defendants. That argument we consider unsound.

The question of when and under what circumstances the beneficiary of a contract, not himself a party thereto, may recover thereon has been the subject of much and conflicting decision law. For long it was held that a stranger to a contract between others, in which one of the parties promises to do something for the benefit of such stranger, there being nothing but the promise, no consideration from such stranger, and no duty or obligation to him on the part of the promisee, cannot recover upon it. Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 A. S. R. 618.

That rule recognized that the "stranger" could recover if the promisee owed him a duty against which he, the promisee, undertook to protect himself by the contract. In such case, the beneficiary could recover even though not a party to the contract. Even with the qualifications stated, the doctrine of Jefferson v. Asch

has been subject to so much attrition in succeeding cases[2] that, in the interest of accuracy, it is in need of restatement.

■ That restatement is found in Restatement, Contracts, §§ 133-147. The rule is there declared that donee and creditor beneficiaries may recover, but an incidental beneficiary cannot. The incidental beneficiary is illustrated by a contract such as that where "B contracts with A to buy A a new Gordon automobile." The Gordon Company is an incidental beneficiary without right of recovery.

■ It is no bar to recovery by the beneficiary, if he be donee or creditor of the promisee, that the promise in his favor is conditioned, as here, upon a future event, such as damage to his property. *Id.* § 134.

■ Neither is it essential to the right of donee or creditor beneficiary that he be identified when the contract containing the promise is made. *Id.* § 139.

■ All that fits this case. The city exacted from the defendants a promise that they should be "liable for any damages done to \* \* \* private property" in connection with the work. It is immaterial that the obligation was also in effect one to indemnify the city against claims for such damage.

Such promises, made to a municipality for the benefit of its citizens, are put in a special category by the Restatement, § 145. Provisions of that section would allow recovery in the instant case. The comment states the obvious conclusion that it is but a special application of the principles of § 133 concerning the rights of donee and creditor beneficiaries. The courts of Michigan and Arizona have expressly adopted the rules of § 145. Bator v. Ford Motor Co. 269 Mich. 648, 667, 257 N. W. 906; Cole v. Arizona

[2]Michaud v. Erickson, 108 Minn. 356, 122 N. W. 324; Gaffney v. Sederberg, 114 Minn. 319, 131 N. W. 333; Clark v. Clark, 164 Minn. 201, 204 N. W. 936; Harriet State Bank v. Samels, 164 Minn. 265, 204 N. W. 938; St. Paul Foundry Co. v. Evenson, 169 Minn. 485, 211 N. W. 834, petition for reargument denied, 213 N. W. 352; Peterson v. Parviainen, 174 Minn. 297, 219 N. W. 180; Marshall State Bank v. Buesing, 179 Minn. 77, 228 N. W. 348.

Edison Co. Inc. 53 Ariz. 141, 86 P. (2d) 946. And two lower New York courts have indicated approval, Wilson v. Oliver Costich Co. Inc. 231 App. Div. 346, 351, 247 N. Y. S. 131; Creedon v. Automatic Voting Mach. Corp. 243 App. Div. 339, 343, 276 N. Y. S. 609, following a line of earlier cases in that state which allowed recovery in situations covered by that section and analogous to the instant case. Little v. Banks, 85 N. Y. 258; Smyth v. City of New York, 203 N. Y. 106, 96 N. E. 409; Rigney v. N. Y. C. & H. R. R. Co. 217 N. Y. 31, 111 N. E. 226; Schnaier v. Bradley Contracting Co. 181 App. Div. 538, 169 N. Y. S. 88.

We affirm plaintiff's right to sue as a beneficiary of the contract. An opposite holding would defeat obligation where obligation is not only intended but also expressed and paid for. Implicit in such holding would be the indefensible hypothesis that, although a party to a contract may stipulate for such benefits to himself as he wants and the other party will allow, yet the two of them by the same process and for the same consideration cannot secure similar benefit to a stranger. In the contractual promise for the benefit of one not a party, there is nothing illegal or contrary to public policy. The promise is within the right of one party to exact and the other to make. No reasonable ground can be suggested for its not being enforceable according to its expressed intent.

The contrary doctrine, now altogether if not quite outmoded, was put in the main upon factors of consideration and privity. Jefferson v. Asch, 53 Minn. 446, 55 N. W. 604, 25 L. R. A. 257, 39 A. S. R. 618; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L.R.A.(N.S.) 492; Clark v. Clark, 164 Minn. 201, 204 N. W. 936. Consideration for a promise is demanded by the law solely as a test of actionability. It is determinative of the presence of enforceable obligation but ordinarily not of its quantity or the identity of obligee. For the latter two, we usually look not to source of consideration but exclusively to the terms of the contract. It is common to find enforceable obligation in favor of a contracting party who has furnished no consideration. So it is no objection

to an action on the contract by a doneé or creditor beneficiary that he did not furnish any of the consideration.

■ Many cases dealing with recovery by a third party beneficiary have also required and discussed the element of privity as prerequisite to recovery. Those dealing with promises to a public corporation for the benefit of its citizens have found that factor in the "obligation to protect its inhabitants" resting on a governmental unit in making public contracts. Rigney v. N. Y. C. & H. R. R. Co. 217 N. Y. 31, 38, 111 N. E. 226, 228; Pond v. New Rochelle Water Co. 183 N. Y. 330, 76 N. E. 211, 1 L.R.A.(N.S.) 958, 5 Ann. Cas. 504. Under the rule as we view it, such obligation is immaterial. Privity, in the law of contracts, is merely the name for a legal relation arising from right and obligation. For example, A, by contract, secures a promise from B. A may transfer his right of enforcement to C. C thereby suceeds to A's right of action, and, in consequence, comes into the relationship with A and B which we call privity of contract. Instead of waiting to do it by assignment, A may, at the outset, exact from B the same promise in favor of C. It is enforceable by C, who thereby has come directly into legal relationship with B. That illustrates the normal course of things resulting in privity of contract, which is but a descriptive term, designating effect rather than cause. In short, privity of contract is legal relationship to the contract or its parties. To affirm one's right under a contract is therefore to affirm his privity with the party liable to him.

That simple truth removes the difficulty arising from the complicated notions expressed by judges and text writers concerning privity of contract. The term has been much misused. In consequence, we have the process referred to by Judge Cardozo in Ultramares Corp. v. Touche, 255 N. Y. 170, 180, 174 N. E. 441, 445, 74 A. L. R. 1139, when he said: "The assault upon the citadel of privity is proceeding in these days apace. How far the inroads shall extend is now a favorite subject of juridical discussion." Mr. Page, in respect to the right of a beneficiary of a contract, asserts that the true explanation is that no privity is

necessary between beneficiary and promisor. 4 Page, Law of Contracts (2 ed. 1920) p. 4211, § 2388. It is said, concerning the right of a beneficiary to recover: "The very essence of the American rule is that such privity is not necessary." Anno. 81 A. L. R. 1289. The truth is, says Mr. Williston, "that through this travail [of the conflicting notions of judges and text writers] the common law has given birth to a distinct, new principle of law which takes its own place in the family of legal principles, and gives not only to a donee beneficiary, but also to a creditor beneficiary, the right to enforce directly the promise from which he derives his interest." 2 Williston, Contracts (Rev. ed.) § 357, p. 1049.

Our submission is that all such discussion (including this) has no more than academic value because, the beneficiary's right to recover established, with the resulting obligation of the promisor in his favor, there arises the relation we call privity. Anyway, privity or no privity, the overwhelming weight of authority and the entire weight of all inherent factors of the problem speak for recovery by this beneficiary.

Affirmed.

