ISABEL ALTERMATT v. ARLAN'S DEPARTMENT
STORE, INC., AND ANOTHER.
VIRGIL D. SCHAAF CONSTRUCTION COMPANY, INC.,
THIRD-PARTY DEFENDANT.

169 N. W. (2d) 231.

June 27, 1969—No. 41384.

*Meagher, Geer, Markham & Anderson* and *Ronald M. Michaelson,* for appellants.

*Carroll, Cronan, Roth & Austin* and *Frank X. Cronan,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PER CURIAM.

On February 6, 1965, plaintiff, a 63-year-old widow, fell on the parking lot of defendant Norton's Lexington Corporation near the store of defendant Arlan's Department Stores, Inc., and fractured her wrist. She then brought suit against Arlan's and Norton's, alleging that they had been negligent in allowing ice and snow to accumulate in the parking lot. Arlan's and Norton's initiated a third-party action for indemnity against third-party defendant, Virgil D. Schaaf Construction Company, Inc. Before trial, Norton's settled plaintiff's claim for $1,000. Thereupon, Norton's proceeded with the trial to establish its right to indemnity from Schaaf upon a claimed breach of a contractual duty to plow the parking lot whenever there was an excess of 1 inch of snow and to sand and salt when the contractor deemed it necessary. After Norton's had presented its case in chief, the court granted Schaaf's motion for dismissal on the merits. Norton's and Arlan's appeal from an order denying their motion for a new trial.

It is true that under Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 373, 104 N. W. (2d) 843, 848, a right of indemnity arises "[w]here the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged." Such a duty may arise by reason of a contractual obligation. See, Hanson v. Bailey, 249 Minn. 495, 83 N. W. (2d) 252. Moreover, the right to recover indemnity is not lost by reason of any settlement with the claimant. Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N. W. 698.

However, in this case our examination of the record shows that appellants had failed to make out a prima facie case for breach of contract since there was not sufficient evidence from which a reasonable inference could be drawn either that 1 inch of snow had remained unplowed for 4 days before plaintiff fell, as appellants claim, or that Schaaf had negligently failed to sand or salt the area. As we view it, the proof submitted left the claimed breach of contract in the realm of speculation and conjecture, resting as it did essentially on the mere fact that plaintiff had fallen on the parking lot.

Affirmed.