# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1429

_____

| | |
|---|---|
| Cascades Development of Minnesota, LLC, doing business as Anytime Fitness, Inc.; Associated Insurance Agents, Inc.; Nicholas Newton; Westport Insurance Corporation,       Plaintiffs - Appellants,         v. National Specialty Insurance, also known as NSI; Jade Janina Benson, and her legal guardians Jeffrey Arthur Benson and Janina Faye Benson; West Bend Insurance Company,       Defendants - Appellees. | * * * * * * * * * * * * * * * * * * * |

Appeal from the United States
District Court for the
District of Minnesota.

_____

Submitted: November 15, 2011
Filed: April 4, 2012

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Nicholas Newton, Cascades Development of Minnesota, LLC, Associated Insurance Agents, Inc., and Westport Insurance Corp. sued West Bend Insurance Co. and National Specialty Insurance, seeking indemnification and reformation of a

workers' compensation insurance policy. The district court granted summary judgment to the defendants. Because the district court lacked subject matter jurisdiction, this court vacates and remands.

The jurisdictional facts are not in dispute. Cascades Development operated a fitness facility in Inver Grove Heights, Minnesota. In September 2006, it obtained workers' compensation insurance from National Specialty Insurance (a division of West Bend Insurance), through a local agency, Associated Insurance Agents. Nicholas Newton was an insurance agent with Associated, but also the brother of one of Cascades' principals. Newton promised his brother to begin the insurance on September 1, but the policy did not go into effect until September 20.

An employee of Cascades was permanently disabled in a car accident on September 18 – before the policy's effective date. West Bend refused to pay the workers' compensation claim. Payment was made by Associated Insurance Agents' errors-and-omissions carrier, Westport Insurance, which agreed to be a de facto workers' compensation insurer.

At the same time, Cascades assigned its right to indemnification against West Bend to Newton, Associated Insurance Agents, and Westport Insurance. The assignment states:

> Cascades Development possesses a rights of indemnity for workers' compensation claims and defense costs against West Bend ("Claim") for the potential liability to which Cascades Development is exposed because of [the employee]'s workers' compensation claim. Cascades Development assigns its Claim to AIA, Nick Newton and Westport.

It does not list any specific consideration provided by Newton for the assignment.[1]

In March 2009, Cascades and Westport Insurance settled the employee's claim against Cascades, including an ongoing compensation plan. According to Newton, he has not incurred any out-of-pocket loss from the employee's injury.

In September 2009, Newton, Cascades, Associated Insurance Agents, and Westport Insurance sued West Bend in state court.[2] They sought reformation of the workers' compensation policy to reflect an effective date of September 1, 2007, and indemnification under the re-formed contract. They contend that Newton's promise to his brother bound West Bend to insure Cascades effective September 1. West Bend removed this case to federal court under 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332.

The plaintiffs did not challenge subject matter jurisdiction at the time of removal. On its own, the district court ordered West Bend to show cause for diversity jurisdiction, noting that the pleadings did not reveal the citizenship of the members of Cascades. Both plaintiff Newton and defendant West Bend are citizens of Wisconsin. However, the district court retained jurisdiction, finding that Westport – a Missouri corporation – is the real party in interest and that Newton's presence did not destroy diversity because he is a nominal party. The district court granted West Bend's motion for summary judgment, dismissing all claims on the merits.

_____

[1]The agreement recites the consideration for the assignment as "the assumption of the obligation to defend and indemnify Cascades Development for the [employee's] workers' compensation claim undertaken by AIA and Westport."

[2]The complaint also lists as defendants the employee and her legal guardians, who have not participated in this case, and National Specialty Insurance, which is a division of West Bend.

The threshold issue is whether the district court had subject matter jurisdiction. This court reviews subject matter jurisdiction de novo. *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1134 (8th Cir. 2011). "If the district court did not have original jurisdiction when the case was removed, remand to state court is required, even after final judgment . . . ." *Id.*

Diversity jurisdiction requires "complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010), *cert. denied*, 132 S. Ct. 94 (2011), *quoting In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir.), *cert. denied*, 131 S. Ct. 474 (2010). "However, if the 'nondiverse' plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction." *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977), *citing Salem Trust Co. v. Manufacturers' Fin. Co.*, 264 U.S. 182 (1924).

A "'real party in interest' is the person who, under governing substantive law, is entitled to enforce the right asserted." *Id.* In this diversity case, the governing substantive law is the law of Minnesota. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Cascades argues that it assigned its claims under the policy to Newton, and he is therefore entitled to enforce its rights to indemnification against West Bend and to reformation of the insurance policy.

Cascades' gratuitous assignment to Newton is valid under Minnesota law. *See Minnesota Mut. Life Ins. Co. v. Anderson*, 504 N.W.2d 284, 287 (Minn. Ct. App. 1993), *citing Bowen v. Willard*, 281 N.W. 256, 259 (Minn. 1938). "Under Minnesota law, no particular form of words is required for an assignment, but the assignor must manifest an intent to transfer and must not retain any control or any power of revocation." *Id.* at 286, *citing Guaranty State Bank of St. Paul v. Lindquist*, 304 N.W.2d 278, 280-81 (Minn. 1980). "[A] gratuitous assignment is irrevocable if 'the

-4-

assignment is in a writing either signed or under seal that is delivered by the assignor.'" *Lansing v. Concrete Design Specialties, Inc.*, No. A05-1543, 2006 WL 1229638, at \*6 (Minn. Ct. App. May 9, 2006) (unpublished), *quoting* **Restatement (Second) of Contracts** § 332 (1981). The assignment in this case is valid, as it is in writing, signed by Cascades, and delivered to Newton.

West Bend argues that Newton – despite the valid assignment – is still not entitled to enforce any right to indemnification against West Bend, because he has not incurred "any loss arising from [the employee]'s accident." True, "[t]he doctrine of indemnity is based upon the idea that when one is compelled to pay money which in justice another ought to pay, the former may recover of the latter the amount actually paid unless barred by the former's wrongful conduct." *Geldert v. American Nat'l Bank*, 506 N.W.2d 22, 29 (Minn. Ct. App. 1993), *citing Lunderberg v. Bierman*, 63 N.W.2d 355, 359 (Minn. 1954). However, "[a]n assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with *the same legal rights as the assignor had before assignment*." *Illinois Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn. 2004) (emphasis added).

When *A* assigns its right to indemnification to *B*, *B* receives the right to reimbursement from *C* for *A*'s loss as assignor, not *B*'s loss as assignee. *See Geldert*, 506 N.W.2d at 28-29. In *Geldert*, the payee of several stolen checks settled with the payor bank in exchange for $5,000 and an assignment of the payor bank's right to indemnification against the depositary and collection banks. *Id.* at 24. The payee sued the depositary and collection banks. The Minnesota Court of Appeals held that the payee's recovery under the assigned right to indemnification was determined by the *payor bank/assignor's* loss. *Id.* at 29. The payee/assignee's loss was irrelevant. *Id.*

The key in this case is to identify the reimbursable loss from the perspective of Cascades (the assignor), not from the perspective of Newton (the assignee).

Through its settlement with the injured employee, Cascades' liability was set and its right to indemnification arose. *See Altermatt v. Arlan's Dep't Stores*, 169 N.W.2d 231, 232 (Minn. 1969) (per curiam) ("[A] right of indemnity arises where the one seeking indemnity has incurred liability because of a breach of duty owed to him by the one sought to be charged [and] the right to recover indemnity is not lost by reason of any settlement with the claimant." (internal quotation marks omitted)). Cascades validly assigned its right to indemnification against West Bend to Newton. Newton is therefore entitled to enforce the assigned right to indemnity.

Newton is also entitled to enforce the asserted right to reformation of the insurance policy. "An insurance policy . . . may be reformed by the courts if it can be proved that: '(1) there was a valid agreement between the parties expressing their real intentions; (2) the written instrument failed to express the real intentions of the parties; and (3) this failure was due to a mutual mistake of the parties, or a unilateral mistake accompanied by fraud or inequitable conduct by the other party.'" *Leamington Co. v. Nonprofits' Ins. Ass'n*, 615 N.W.2d 349, 354 (Minn. 2000), *quoting Nichols v. Shelard Nat'l Bank*, 294 N.W.2d 730, 734 (Minn. 1980).

West Bend maintains that Newton is not a party to the insurance policy and therefore may not seek its reformation. However, parties in privity with the original parties to a contract are entitled to reformation. *See* **66 Am. Jur. 2d *Reformation of Instruments*** § 60 (2011) ("Reformation may be had not only by the original parties to the instrument but also by the following: a real party in interest claiming privity to the instrument such as . . . an assignee . . . ."); **Restatement (Second) of Contracts** § 155 cmt. e (1981) ("Reformation may be granted at the request of any party to the contract . . . or of a party's successor in interest."); *cf. Manderfeld v. Krovitz*, 539 N.W.2d 802, 805 (Minn. Ct. App. 1995) ("Reformation is generally allowed *against* the original parties to an instrument and those in privity with the immediate parties." (emphasis added)). As an assignee of Cascades' rights as an original party to the contract, Newton is in privity with the original parties and may seek reformation of

the policy.[3] *See **La Mourea v. Rhude***, 295 N.W. 304, 307 (Minn. 1940) ("A, by contract, secures a promise from B.  A may transfer his right of enforcement to C.  C thereby succeeds to A's right of action, and, in consequence, comes into the relationship with A and B which we call privity of contract."); **76 C.J.S. *Reformation of Instruments*** § 65 (2011) ("Assignees in privity with the original parties succeed to the remedy of reformation.").

Newton – as Cascades' assignee – is entitled to enforce both the right to indemnification and the right to reformation.  He is a real party in interest, destroying diversity jurisdiction.  The district court lacked subject matter jurisdiction and should have remanded back to the state court.

\* \* \* \* \* \* \*

The judgment is vacated, and the case remanded to the district court for remand to state court.

_____

_____

[3]In its brief, West Bend assumes that Westport may assert the right to reformation.  Westport – like Newton – was not an original party to the policy, and – like Newton – its ability to enforce the right to reformation arises from its status as Cascades' assignee.